NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BREANNE WALDEN; et al., | No. 15-35870 |
| Plaintiffs-Appellants, | D.C. No. 9:13-cv-00222-DLC |
| v. | |
| MARYLAND CASUALTY COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted June 13, 2017[**]
Seattle, Washington

Before: D.W. NELSON, M. SMITH, and CHRISTEN, Circuit Judges.

Plaintiffs appeal from the district court's grant of summary judgment in

favor of Maryland Casualty Company. We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm in part, reverse in part, and remand for further proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We affirm the district court's determination that Maryland Casualty did not breach its duty to defend Dahl's College of Beauty against plaintiffs' complaint and First Amended Complaint under Coverage B of the policy. As relevant, Coverage B covered "personal and advertising injury" arising out of "[t]he wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor." We see no error in the district court's application of the ordinary, common understanding that "eviction" involves denying a possessory interest in real property, nor in its conclusion that Maryland Casualty did not breach its duty to defend by failing to equate expulsions with Coverage B "evictions."

In light of *Employers Mutual Casualty Co. v. Fisher Builders, Inc.*, 371 P.3d 375 (Mont. 2016), the district court erred by concluding that the policy excluded coverage for bodily injuries that were the unintended or unexpected consequences of intentional acts. Although plaintiffs complained of only intentional acts, the district court concluded: "Though Plaintiffs' collective emotional distress, and the physical manifestations accompanying it, was likely unforeseen and unintended by the Dahl's defendants, that is simply not the focus of the coverage analysis." Contrary to this ruling, *Fisher* explained that, under Montana law, an "occurrence"

is excluded from coverage if: "1) the act itself was intentional, *and* 2) . . . the consequence or resulting harm stemming from the act was intended or expected from the actor's standpoint." *Id*. at 378 (emphasis added). In light of *Fisher*, we reverse the district court's October 7, 2015 order and remand for further proceedings.

**AFFIRMED in part, REVERSED in part, and REMANDED.**